UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ALDO LOPEZ, individually and d/b/a TAQUERIA AGUILILLIA,<br><br>    Defendant. | Case No: C 12-5784 SBA<br><br>**ORDER: OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; AND GRANTING MOTION FOR DEFAULT JUDGMENT** |

Plaintiff J & J Sports Productions, Inc., filed this action against Aldo Lopez, individually and dba Taqueria Aguilillia, inter alia, under the Communications Act of 1934 ("Communications Act"), 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act of 1992 ("Cable Act"), 47 U.S.C. § 553.  On October 17, 2013, Magistrate Judge Joseph Spero ("the Magistrate") issued a Report and Recommendation in which he recommended granting Plaintiff's Motion for Default Judgment and awarding a total of $7,200 in damages, an amount less than demanded by Plaintiff.

The parties are presently before the Court on Plaintiff's Objections to the Report and Recommendation and related Motion for De Novo Determination Re Plaintiff's Motion for Default Judgment. Dkt. 39. Having read and considered the papers submitted, and the file as a whole, the Court, upon de novo review, OVERRULES Plaintiff's Objections and ADOPTS the Report and Recommendation, as modified below, and GRANTS Plaintiff's Motion for Default Judgment. The Court, in its discretion, adjudicates the instant matter without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff was previously granted commercial distribution rights to <u>Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program</u> ("the Program"), which was telecast nationwide on November 12, 2011. Compl. ¶¶ 3, 14, Dkt. 1. On that date, Defendant allegedly displayed the Program without authorization at his establishment, Taqueria Aguililla ("the Taqueria"), in Newark, California. <u>Id.</u>

On November 9, 2012, almost a year after the Program was broadcast, Plaintiff filed the instant action against Defendant alleging four claims for relief, as follows: (1) violation of the Communications Act, 47 U.S.C. § 605; (2) violation of the Cable Act, 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code § 17200. Defendant failed to respond to the Complaint and default was entered against him on June 13, 2012. Dkt. 25. Plaintiff thereafter filed a motion for default judgment, which the Court then referred to the Magistrate for a report and recommendation. Dkt. 27, 28.

Plaintiff's motion seeks a default judgment and the following damage award: A maximum award of $10,000 in statutory damages and $100,000 in enhanced damages under the Communications Act, § 605; a maximum $60,000 award under the Cable Act, § 553; and an unspecified amount on the remaining claims. In support of his motion, Plaintiff submitted the affidavit of its "investigator," Horacio Martinez ("Martinez"), who states that he entered the Taqueria at 6:00 p.m. on November 12, 2011, after paying a $15 cover charge. Martinez Aff. at 1, Dkt. 28-3. Martinez states that during his forty-five minute visit, he observed the two televisions, at least one of which was showing a "fight

1  between Mike Alvarado (Blue Trunks) and Breidis Prescott (White Trunks)." Id. He
2  indicated that the Taqueria has a capacity of ten people, and observed seventeen persons on
3  the first head count and twenty-seven on the second. Id.[1] The affidavit does not state how
4  many patrons were present when Martinez entered the Taqueria, whether patrons (other
5  than himself) paid a cover charge, how many patrons were watching the Program and the
6  Tacqueria's typical patronage on a Saturday evening in November.

7        On March 7, 2013, the Magistrate issued a Report and Recommendation Re Motion
8  for Default Judgment. In his report, the Magistrate recommends granting Plaintiff's motion
9  for default judgment, but denying Plaintiff's request for a maximum statutory and enhanced
10 damage award under § 605 and § 553.[2] Instead, the Magistrate recommends, based on the
11 facts presented, that Plaintiff's claims be construed solely under § 553 and awarding
12 Plaintiff a total of $7,200 in damages, allocated as follows: (1) $2,800 in statutory
13 damages; (2) $2,200 in enhanced damages; and (3) $2,200 in damages for conversion.

14       On October 31, 2013, Plaintiff filed objections to the Magistrate's recommendation
15 to award Plaintiff $2,800 in statutory damages and $2,200 in enhanced statutory damages
16 under § 553 on the grounds that such amounts are insufficient to further the Cable Act's
17 goal of deterrence. Dkt. 38, 39. Rather, Plaintiff contends that it is entitled to the maximum
18 amount of statutory damages ($10,000) and the maximum amount of enhanced damages
19 ($50,000). Plaintiff does not challenge the Magistrate's proposed award of $2,200 on the
20 conversion claim.

---

[1] These figures are questionable given the investigator's representation that the establishment's capacity is ten persons.

[2] The Ninth Circuit recognizes that § 553 applies to cable television, while § 605 applies to satellite television. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 349 n.1 (9th Cir. 1999). The Magistrate concluded that given the lack of evidence as to how the Program was transmitted, Plaintiff's claim should be construed solely under the Cable Act. Report at 6. Plaintiff does not object to the Magistrate's decision to construe his damage request under § 553 as opposed to § 605.

## II. LEGAL STANDARD

A district court judge may refer a matter to a magistrate judge to conduct a hearing, including an evidentiary hearing, and to thereafter issue findings of fact and recommendations for the disposition of the matter. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3. Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P 72(b). The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Fed. R. Civ. P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

## III. DISCUSSION

### A. STATUTORY DAMAGES

Under the Cable Act, a party may be awarded statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). In determining the appropriate amount of statutory damages, the court may consider the cost of the commercial license to exhibit the program at issue, the defendant's incremental profit from the use of the program, the number of patrons at the establishment and the need to deter piracy. See Joe Hand Prods. v. Mujadidi, No. C 11-5570 EMC, 2012 WL 3537036, at *5 (N.D. Cal. Aug. 14, 2012); accord J & J Sports Prods., Inc. v. Napuri, No. C 10-4171 SBA, 2013 WL 1739520, at *2 (N.D. Cal. Apr. 22, 2013) (citing cases).

In the instant case, Plaintiff objects to the Magistrate's proposed statutory award on the grounds that it is insufficient to promote the policy goal of deterring piracy. This

- 4 -

contention lacks merit. The Magistrate appropriately took into account the goal of deterrence as a relevant consideration, along with the damages sustained by the Plaintiff and any incremental profit earned by the Defendant. Report at 7. In particular, he noted that the actual cost to license the Program was $2,200, and that, at most, Defendant generated $405 in cover charges that evening. Report at 8. Taking into account those two figures, the goal of furthering deterrence, and factoring in "some additional, incremental profits made by Defendant," the Magistrate determined that an appropriate statutory damage award is $2,800. Id. at 8.

Upon reviewing the matter de novo, the Court finds no merit to Plaintiff's objections and concurs with the Magistrate's analytical approach and his proposed statutory damage award. See Napuri, 2013 WL 1739520, at *2 (awarding $2,200 in statutory damages based on the amount of the licensing fee); Mujadidi, 2012 WL 3537036, at *5 ("the Court concludes that an award of $1,500 is appropriate, which is a rough approximation of the loss incurred by [plaintiff] ( i.e., the licensing fee of $900) plus some margin for profits earned by [defendant] from the event."). The Court further finds that Plaintiff has presented no unusual or egregious circumstances to justify the imposition of a maximum statutory damage award of $10,000. See Espinoza, 2013 WL 4520018, at *3 ("Granting the maximum statutory damages is inappropriate in the absence of unusual or egregious circumstances.").

### B. ENHANCED DAMAGES

When a court finds that a violation of § 553 "was committed willfully and for purposes of commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages . . . by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). "Because the Ninth Circuit has not provided guidance on how to determine 'enhanced' damages, district courts have taken into account a variety of factors, including the use of a cover charge, an increase in food price[s] during programming, the presence of advertisement[s], the number of patrons, the number of televisions used, the impact of the offender's conduct on the claimant, and whether defendant is a repeat offender." G & G

Closed Circuit Events, LLC v. Espinoza, No. C 12-6349 CRB, 2013 WL 4520018, at *4 (N.D. Cal. Aug. 23, 2013).

As above, Plaintiff objects to the Magistrate's proposed enhanced damage award of $2,200 as being too modest to deter piracy, and argues that the Court should instead award the statutory maximum of $50,000. However, the facts of this case weigh against an award of enhanced damages, let alone a maximum award. The only colorable evidence that Defendant's action were for commercial gain is the investigator's claim in his affidavit that *he* was charged a $15 cover fee. Although the investigator asserts that at some point up to twenty-seven people were present in the establishment, there is no evidence that any of those patrons actual paid a cover charge or that Defendant typically does not charge a cover fee on Saturday evenings. There also is no evidence that Defendant is a repeat offender, advertised the Program to the public, increased food or beverage prices, or that the number of patrons present exceeded the amount that would typically patronize the Taqueria on a Saturday evening in November.

In light of the deficient record presented, the Court rejects Plaintiff's contention that a maximum enhanced damage award is warranted. To the contrary, having reviewed the matter de novo, and taking into account Plaintiff's conclusory showing, the Court is persuaded that no enhanced damages should be awarded in this case. See, e.g., G & G Closed Circuit Events, LLC v. Castro, No. C 12-4649 WHA, 2013 WL 871913, at *3 (N.D. Cal. Mar. 7, 2013) (no enhanced damages awarded where there was no evidence that defendant profited from the exhibition of the pay-per-view fight); J & J Sports Prods., Inc. v. Parayno, No. C 12-2223 SI, 2012 WL 3277279, at *1 (N.D. Cal. Aug. 10, 2012) (no enhanced damage award where $20 cover fee was charged and thirty patrons were present, but there was no evidence that the defendant advertised or profited from the exhibition); Universal Sports Network v. Jimenez, No. C 02-2768 SC, 2002 WL 31109707, at *1 (N.D. Cal. Sept. 18, 2002) (declining to award enhanced damages where plaintiff offered "only conclusory statements in support of its contentions that defendant realized personal gain from the match and that Plaintiff suffered great economic harm").

C. **CONVERSION**

Under California law, "to establish conversion, a plaintiff must show (1) his ownership of or right to possess the property at the time of the conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." Bank of N.Y. v. Fremont Gen. Corp., 523 F.3d 902, 914 (9th Cir.2008). The damages for conversion are the value of the property at the time of the conversion and compensation for the time and money properly expended in pursuit of the converted property. Cal. Civ.Code. § 3336.

The Magistrate recommended awarding $2,200 in conversion damages based on the cost of the license that Plaintiff would otherwise been required to pay for the Program, taking into account the capacity of the Taqueria. Although Plaintiff does not object to the Magistrate's proposed conversion damages, the Court finds that no such damages should be awarded. Plaintiff is already being compensated for the cost of the license through the statutory damage award under § 553. Since Plaintiff has made no showing that an *additional* award is justified under the circumstances presented, the Court denies Plaintiff's request for an award of damages for its conversion claim. See Parayno, 2012 WL 3277279, at *2 (declining to award conversion damages, finding that the statutory damage award under the Communications Act "sufficiently compensates plaintiff").

IV. **CONCLUSION**

The Court has reviewed de novo the portions of the Magistrate's report and recommendation to which Plaintiff has objected and concludes that Plaintiff's objections are without merit. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for De Novo Determination Re Defendants' Motion to Set Aside Entry of Default is GRANTED.

2. Upon de novo review of the Magistrate's Report and Recommendation, the Court OVERRULES all of Plaintiff's objections thereto. The Court ADOPTS the

1 Magistrate's Report and Recommendation, which shall become the Order of the Court, as
2 modified above.
3     3.    Plaintiff's Motion for Default Judgment is GRANTED. Judgment shall be
4 entered in favor of Plaintiff in the amount of $2,800.
5     4.    The Clerk shall terminate all pending matters and close the file.
6     IT IS SO ORDERED.
7 Dated: November 15, 2013

                              *Saundra B Armstrong*
                              SAUNDRA BROWN ARMSTRONG
                              United States District Judge